```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GEORGETTE BRADY,

                  Plaintiff,           ORDER ADOPTING
                                       REPORT AND RECOMMENDATION
                                       04-CV-2878(JS)(WDW)
         -against-

WESTERN OVERSEAS CORP.,

                  Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:     Saul D. Zabell, Esq.
                   Zabell & Associates, P.C.
                   4875 Sunrise Highway
                   Suite 300
                   Bohemia, NY 11716

For Defendant:     Alan B. Pearl, Esq.
                   Alan B. Pearl & Associates, PC
                   6800 Jericho Turnpike, Suite 218E
                   Syosset , NY 11791
```

SEYBERT, District Judge:

Plaintiff Georgette Brady ("Plaintiff") commenced this action against Western Overseas Corp. ("Defendant") on July 9, 2004. On October 26, 2004, the parties requested that the Court stay the litigation while the parties proceeded to arbitration. On March 28, 2005, the Court administratively closed the case pending a decision on the arbitration proceedings.

Over two years later, on October 22, 2007, Plaintiff moved to reinstate the case. The next day, on October 23, 2007, Kenneth Jenero, Esq. ("Jenero"), of Holland and Knight LLP, asked that the Court deny Plaintiff's request and allow the parties to proceed to arbitration. Jenero stated that Defendant no longer

wished to retain Holland and Knight LLP, and was in the process of hiring new counsel. On October 25, 2007, Alan B. Pearl, Esq. ("Pearl"), informed the Court that he would be representing Defendant, and again asked that the Court allow the parties to proceed with arbitration. Based on Pearl's representations, the Court gave the parties until November 7, 2007 to proceed with arbitration.

On November 26, 2007, Plaintiff again requested that the Court re-open the case because Plaintiff had not heard from Defendant yet, and Defendant still had failed to proceed with arbitration. The Court re-opened the case on December 7, 2007, and on April 24, 2008, Plaintiff moved for a default judgment. On April 30, 3008, the Clerk of the Court certified that Defendant had failed to answer or otherwise respond to the Complaint in this action. On June 13, 2008, this Court referred Plaintiff's motion for a default judgment to United States Magistrate Judge William D. Wall to determine whether a default should be entered against Defendant.

On July 30, 2008, Magistrate Judge Wall issued a Report and Recommendation (the "Report") recommending that the Court vacate the entry of default. Pursuant to Rule 72 of the Federal Rule of Civil Procedure, any objections to the Report were to be filed with the Clerk of the Court within ten days of service of the Report. The time for filing objections has expired and no Party

has objected.  Accordingly, all objections are hereby deemed to have been waived.

The Court ADOPTS the Report, to which no party has objected, in its entirety.  This case, commenced over four years ago, has been delayed by both parties' negligence.  The attorneys from Holland and Knight LLP, who purportedly represented Defendant at the start of the case, failed to file a Notice of Appearance on this case, and failed to register to receive Electronic Case Filing ("ECF") notifications for this case.  Because of their failure to register for ECF, Defendant's attorneys did not receive this Court's Orders or the various ECF notifications in this case, and as such, failed to proceed to arbitration as the Court ordered. Inexplicably, Defendant's attorneys also failed to check the status of the case and follow-up on their own applications to the Court. However, although Defendant's actions were clearly negligent, the Court agrees with Magistrate Judge Wall that a default judgment is not warranted here.  Defendant's actions were not willful or in bad faith, and Plaintiff has been equally negligent by waiting over two years to reinstate her case, despite the parties clear failure to proceed with arbitration.  For these reasons, the Court ADOPTS the Report in its entirety and VACATES the entry of default.

CONCLUSION

For the reasons stated above, the Court ADOPTS the Report and Recommendation in its entirety, and VACATES the entry of default in this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
November 14, 2008