```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GEORGETTE BRADY,

                Plaintiff,            MEMORANDUM & ORDER
                                      04-CV-2878(JS)(WDW)
        -against-

WESTERN OVERSEAS CORP.,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:     Saul D. Zabell, Esq.
                   Zabell & Associates, P.C.
                   4875 Sunrise Highway
                   Suite 300
                   Bohemia, NY 11716

For Defendant:     Alan B. Pearl, Esq.
                   Alan B. Pearl & Associates, PC
                   6800 Jericho Turnpike, Suite 218E
                   Syosset , NY 11791
```

SEYBERT, District Judge:

Plaintiff Georgette Brady ("Plaintiff") commenced this action against Western Overseas Corp. ("Defendant") on July 9, 2004. Pending before the Court is Plaintiff's motion to remand this matter for discovery. Defendant opposes the motion and argues that the Court should compel arbitration. For the reasons stated below, Plaintiff's motion is DENIED, and the Court compels this matter to arbitration.

## BACKGROUND

The full facts of this protracted case have been set forth in detail in the Court's previous orders. In brief, on October 26, 2004, the parties requested that the Court stay the litigation while the parties proceeded to arbitration. On March

28, 2005, the Court administratively closed the case pending a decision on the arbitration proceedings. Over two years later, on October 22, 2007, Plaintiff moved to reinstate the case. The next day, on October 23, 2007, Kenneth Jenero, Esq. ("Jenero"), of Holland and Knight LLP, asked that the Court deny Plaintiff's request and allow the parties to proceed to arbitration. Jenero stated that Defendant no longer wished to retain Holland and Knight LLP, and was in the process of hiring new counsel. On October 25, 2007, Alan B. Pearl, Esq. ("Pearl"), informed the Court that he would be representing Defendant, and again asked that the Court allow the parties to proceed with arbitration. Based on Pearl's representations, the Court gave the parties until November 7, 2007 to proceed with arbitration.

On November 26, 2007, Plaintiff again requested that the Court re-open the case because Plaintiff had not heard from Defendant yet, and Defendant still had failed to proceed with arbitration. The Court re-opened the case on December 7, 2007, and on April 24, 2008, Plaintiff moved for a default judgment. On November 14, 2008, this Court adopted a Report and Recommendation issued by Magistrate Judge William D. Wall and denied Plaintiff's motion for a default judgment. The Court found that the case has been delayed by both parties' negligence. Defendant's original attorneys failed to register to receive Electronic Case Filing ("ECF") notifications for this case; therefore, Defendant did not

receive the various ECF notifications in this case, and as such, failed to proceed to arbitration as the Court ordered. Inexplicably, Defendant's attorneys also failed to check the status of their own applications to the Court, and Defendant's new attorney, Alan B. Pearl, failed to follow-up on his request to proceed to arbitration.

The Court found that while Defendant's actions were clearly negligent, a default judgment was not warranted in part because Plaintiff had been equally negligent by waiting over two years to reinstate her case, despite the parties clear failure to proceed with arbitration.

Plaintiff now argues that Defendant has waived arbitration by its dilatory conduct, and thus the matter should proceed to discovery. Defendant maintains that it has not waived arbitration, federal policy favors arbitration, and Plaintiff has been equally dilatory.

DISCUSSION

I. The Federal Arbitration Act

The Federal Arbitration Act ("FAA") states that "an agreement in writing to submit to arbitration . . . [is] valid, irrevocable, and enforceable." 9 U.S.C. § 2. Under such an agreement, a court may compel the parties to submit to arbitration. 9 U.S.C. § 206. The FAA does not give a district court discretion "but instead mandates that district courts shall direct the parties

3

to proceed to arbitration" if such an agreement exists. Genesco, Inc. v. T. Kakiuchi, Ltd., 815 F.2d 840, 844 (2d Cir. 1987) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985) (original emphasis)). With the FAA, Congress created a "liberal federal policy favoring arbitration agreements . . . ." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).

The FAA allows a party to a valid arbitration agreement to ask a district court for an order compelling arbitration, provided an independent basis of subject matter jurisdiction exists. See 9 U.S.C. § 4. Thus, while the FAA "creates a body of federal substantive law [regarding arbitration,] . . . it does not create any independent federal question jurisdiction." Moses H. Cone, 460 U.S. at 25, n. 32. Plaintiff seeks to recover damages under multiple federal discrimination statutes, which raises a federal question and empowers Defendant under the FAA to petition the Court for an order to compel arbitration. This Court may not compel arbitration until making a four-part inquiry. First, the parties must have formed a valid arbitration contract. Second, Plaintiff's claims must be within the scope of the agreement. Third, Plaintiff's statutory claims must be arbitrable. And fourth, if the Court determines that only a portion of the statutory claims is arbitrable, it must determine whether to stay

the remainder of the claims pending arbitration. See Chau, 2006 U.S. Dist. LEXIS 92297, at *5 (quoting JML Indus. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004)). If all of a plaintiff's statutory claims are arbitrable, and staying the proceedings serves no purpose, the Court should dismiss the case and compel arbitration. See Lewis Tree Serv., Inc. v. Lucent Tech., Inc., 239 F. Supp. 2d 332, 340 (S.D.N.Y. 2002). Here, neither party disputes that a valid arbitration agreement exists and that Plaintiff's claims fall under the scope of the agreement.

II. Defendant Has Not Waived Arbitration

"There is a strong presumption in favor of arbitration[, and] waiver of the right to arbitration is not to be lightly inferred." Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 105 (2d Cir. 2002) (quoting Coca-Cola Bottling Co. v. Soft Drink and Brewery Workers Union Local 812, 242 F.3d 52, 57 (2d Cir. 2001)). The question of whether a party waived arbitration is fact-intensive. However, the Second Circuit has stated that the following factors may be considered: "(1) the time elapsed from commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice." Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 163 (2d Cir. 2000).

It is clear that substantial time has elapsed since the

5

commencement of this action.  Indeed, this case is nearly five years old.  On one hand, Defendant has filed letters seeking arbitration as early as October of 2004.  On the other, Defendant certainly has been dilatory in enforcing the arbitration clause.  The Court also considers that there has been substantial delay by Plaintiff.  Plaintiff delayed nearly three years in contacting the Court and informing the Court that the parties had not proceeded to arbitration as required.  It is clear that both parties are to blame for the time that has elapsed since the inception of this case.

There has not been any motion practice in this case with the exception of the motions to compel discovery, and the parties have engaged in minor discovery.  Furthermore, this Court ordered discovery only recently while it rendered a decision on whether Plaintiff should be compelled to arbitrate this matter.  Plaintiff has not pointed to any prejudice she would suffer if the matter proceeded to arbitration, and this Court has not independently found any.  Thus, the Court finds that Defendant has not waived arbitration.

CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motions for discovery, and holds that Defendant has not waived arbitration. The Court orders that the parties proceed to arbitration. This matter shall be stayed pending arbitration.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
May 22, 2009